IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

2010 FEB 25  PM 2: 22

AUGUSTA DIVISION

| | | |
|---|---|---|
| BRADLEY MANDELA HOUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 110-009 |
| | ) | |
| COLUMBIA COUNTY SHERIFF'S | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate incarcerated at the Columbia County Detention Center

("Detention Center") in Appling, Georgia, commenced the above-captioned case pursuant

to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). As Plaintiff is

proceeding IFP, his complaint must be screened to protect potential defendants. See Phillips

v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must

be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the

Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails

to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e) & 1915A.[1]

---

[1]Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay the initial fee; thus, the Court will screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full filing fee.

## I. BACKGROUND

Liberally construing Plaintiff's complaint, the Court finds the following. Plaintiff names as Defendants: (1) the Columbia County Sheriff's Department ("CCSD"), (2) Teresa Lamb, Investigator with the CCSD, and (3) Daniel Codie Alexander, another inmate incarcerated at the Detention Center. (Doc. no. 1, pp. 1, 4). In his complaint, Plaintiff alleges that while he was incarcerated at the Detention Center on other charges that he does not disclose, he was "wrongfully charged with [the] sexual battery" of Defendant Alexander. (Id. at 5). Defendant Alexander has allegedly falsely accused Plaintiff of forcing Defendant Alexander to have sex with him. (Id.).

After Defendant Alexander made his accusations, an investigation commenced. According to Plaintiff, Defendant Lamb visited him and asked him if Defendant Alexander's allegations were true. (Id. at 5). Plaintiff states that he informed her that the allegations were false "and began to tell her the whole truth[]." (Id.). Plaintiff further states that he agreed to submit to a polygraph test but "had trouble on one question." (Id.). According to Plaintiff, the person conducting the polygraph test initially believed that Plaintiff was not guilty, but later began "asking [him] questions [and] trying to force him to rewrite [his] statement." (Id.). According to Plaintiff, this individual told him that if he did not tell the truth, "we're going to go ahead and charge you with rape."[2] (Id.). Plaintiff was then allegedly taken into another room with Defendant Lamb, and both she and the person who conducted the polygraph began yelling and saying, "We are going to charge you with rape." (Id. at 5, 7).

---

[2]Plaintiff refers to the charges related to Defendant Alexander's accusation interchangeably as "sexual battery" and "rape" in his complaint, and the Court uses these terms as Plaintiff has used them in describing the events giving rise to his complaint.

Plaintiff steadfastly maintains that he "did nothing wrong" but that he was still charged with sexual battery. (Id. at 7). According to Plaintiff, Defendant Alexander's accusation was broadcast on television, in the newspaper, and on the internet. (Id.). Plaintiff states that as a result, he "got called every bad name in the book" and that deputies at the Detention Center began to treat him "very different." (Id.).

According to Plaintiff, he was later placed in the same dorm with Defendant Alexander, who allegedly told everybody in their dorm that Plaintiff "did not rape him [or] commit sexual battery." (Id.). Plaintiff states that he notified Defendant Lamb that Defendant Alexander had retracted his accusation, and Defendant Lamb purportedly came and asked for witnesses who had heard Defendant Alexander do so. (Id.). Plaintiff states that he gave her the name of another inmate (id.), but the sexual battery charge against Plaintiff has apparently not been dropped. Plaintiff contends that Defendant Lamb conducted an improper investigation, specifically alleging that she discriminated against him because he is African-American by falsely charging him with sexual battery. (Id. at 6). Finally, Plaintiff accuses both Defendant Lamb and the CCSD of wrongfully releasing his name and picture to the media. (Id.).

As relief, Plaintiff requests $700,000 in damages from the CCSD for falsely charging him and not performing a fair investigation. (Id. at 8). Plaintiff also requests that he be compensated for the release of his name and image to the media, as well as the mental abuse, humiliation, and embarrassment he has suffered. (Id.). Plaintiff also wants all Defendants to make a public apology. (Id.). Finally, Plaintiff requests payment for the "bond fees" and

the fees associated with the "false warrant." (Id.). Plaintiff requests this relief because, according to him, he is "in jail for nothing." (Id.).

## II. DISCUSSION

### A. Claims Against Defendant Alexander and the CCSD

As to Plaintiff's claim against Defendant Alexander, the Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law.*" West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added). Traditionally, acting under color of state law "requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 49 (internal quotation marks and citation omitted). Defendant Alexander is simply another inmate at the Detention Center who allegedly falsely accused Plaintiff of raping him, and Plaintiff has not alleged that Defendant Alexander was acting under color of state law. Accordingly, Plaintiff's claim against Defendant Alexander fails.

As to Plaintiff's claims against the CCSD, the Eleventh Circuit has ruled that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit. . . ." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (dismissing claim against sheriff's department because department was not subject to suit under Alabama law); see also Bunyon v. Burke County, 285 F. Supp. 2d 1310, 1328 (S.D. Ga. 2003) (dismissing claim against police department, reasoning it was not legal entity subject to suit under Georgia law); Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984)

4

(dismissing claim against City of Atlanta Police Department because it was not an entity subject to suit). Thus, Plaintiff's claim against the CCSD, a sheriff's department, fails as well.[3]

**B.     Failure to State a Claim Pursuant to Heck v. Humphrey, 512 U.S. 477 (1994)**

As explained in further detail below, Plaintiff's claims are also barred by Heck v. Humphrey, 512 U.S. 477 (1994).  Although Plaintiff was already incarcerated at the Detention Center at the time he was charged with sexual battery, based on his contention that he is "in jail for nothing" (id.), the Court gleans that Plaintiff believes that but for the sexual battery charge, he would no longer be incarcerated at the Detention Center.

The Supreme Court has held that, when an inmate's allegations rest on the invalidity of his imprisonment, his 42 U.S.C. § 1983 claim does not accrue until that invalidity is proven.  Heck, 512 U.S. at 489-90.  Furthermore, the Supreme Court stated that, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," the complaint must be dismissed, unless the conviction or sentence has already be invalidated.  Id. at 487.  Conversely, 42 U.S.C. § 1983 is the appropriate course of relief for a state prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."  Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil

---

[3]The Court also notes that Plaintiff has not explained how the CCSD, as an entity, is responsible for the actions of one its investigators.

5

rights action under 42 U.S.C. § 1983). Indeed, "[a]s the Supreme Court noted, the most obvious example of an action barred by *Heck* is one in which the plaintiff actually 'seek[s] damages directly attributable to conviction or confinement.'" Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting Heck, 512 U.S. at 487 n.6). Simply put, a claim for monetary damages resulting from Plaintiff's alleged unconstitutional conviction or confinement is not cognizable under 42 U.S.C. § 1983. See Heck, 512 U.S. at 483.

As noted above, Plaintiff contends that he is "in jail for nothing" as a result of the sexual battery charge pending against him. (Doc. no. 1, p. 8). Plaintiff seeks monetary damages ($700,000) directly attributable to his confinement, and thus, a successful § 1983 action based on Plaintiff's allegations concerning the sexual battery charge would necessarily imply the invalidity of his confinement. Furthermore, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Thus, Plaintiff's current allegations concerning his confinement as a result of an allegedly false accusation and improper investigation are not actionable in a civil rights case. Cf. Rankin v. Evans, 133 F.3d 1425, 1428 (11th Cir. 1998) (§ 1983 claim against arresting officer in connection with investigation of child molestation case proceeded after grand jury found the plaintiff "completely innocent" of the charges); Brown v. Salemi, CV 103-166, doc. no. 10, *adopting* doc. no. 7 (S.D. Ga. Jan. 30, 2004) (dismissing complaint under Heck where the plaintiff had alleged that an improper investigation led to his wrongful imprisonment on

child molestation charges). Accordingly, Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 25th day of February, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE